## TRUJILLO, et ux. v. SUN LIFE ASSURANCE CO OF CANADA.
No. 62-C-12013.

Circuit Court, Dade County.
December 4, 1963.

Juan I. Carreras, Miami, for plaintiffs.

Cotton Howell, Miami, for defendant.

HAL P. DEKLE, Circuit Judge.

*Summary final decree:* Petitioners seek a declaratory decree and order compelling respondent insurance company to pay to them the cash surrender value of policies of insurance with any dividends, and an attorney's fee under the statute.

In 1954 petitioners purchased from respondent three insurance policies which were delivered to them in Ciudad Trujillo (now Santa Domingo), Dominican Republic "payable at the Company's office in Ciudad Trujillo", one policy being "In Dominican Republic pesos, lawful money of the Dominican Republic," and the other two payable — "In Dollars, lawful currency of the United States of America. The company, however, reserves the right to require or make payment of any such amount by bill of exchange on New York, United States of America."

It is apparent at the outset that these policies do not fall within recent Cuban cases such as Pan American Life Insurance Company v. Recio, Fla. App. 1963, 154 So.2d 197, where the policies provided for payment in the United States. Dougherty v. Equitable, 266 N.Y. 71, 193 N.E. 897 (1934) (Russian assets), which was distinguished in Pan American, supra, appears to apply here.

There are no allegations with respect to payment of premiums or other action pertaining to said policies as having taken place in the United States upon which there could be "significant contact" sufficient to constitute the jurisdictional basis to apply the law of the forum, to-wit, the United States of America. Confederation Life Assoc. v. Ugalde (Fla. App.3d 1963), 151 So.2d 315. Pan American, supra, has held that the law of the place of performance governs, which law here is that of the Dominican Republic.

Interesting among respondent's multiple defenses is the assertion of Dominican Laws numbered 5785, 5809 and 5924 of January 4, January 30, and May 26, 1962, respectively, and action of the new Dominican Government pursuant to such laws including resolution number five of October 23, 1962, confiscating all assets of the Trujillo family (deposed head of state) or any of its heirs, including petitioners, as emanating from an abuse or usurpation of power resulting in illicit enrichment at the expense of the state, justifying the confiscation of any assets of such persons and naming in particular these petitioners among others as those whose property is confiscated either in the Dominican Republic or elsewhere and that the same should become the property of the Dominican Republic. Subsequent notice pursuant thereto was given this respondent insurance company notifying it to pay over any benefits from the insurance policies here to the present

government of the Dominican Republic. Although respondent has resisted complying with such notice and subsequent demand upon it by the Dominican Republic, it nevertheless urges that if this court assumes jurisdiction and makes determination of its liability, it will thereby be subjected to the possibility of double payment.

Such confiscatory orders by the government are not the practice in this forum, although the confiscation of assets by the United States is not unknown in federal income tax procedures. In civil litigation between individuals we are familiar with tracing assets into a resulting or constructive trust or by virtue of a fraudulent conveyance to avoid execution. So it may be, even if this court should consider that the acts in question of the Dominican Republic are repugnant to the public policy of this forum, that the answer may be in doubt, but in view of the initial holding above and the necessity of enforcement at the place of performance, no decision on such point is reached here.

This is unlike the cases on Cuban confiscation where the assets of the insurance company were confiscated, not those of the assured, the petitioners here. It may also be noted that there is a forum for redress in the courts of the Dominican Republic where the issues may be determined. It is not as though no forum at all were provided, as in Cuba.

Petitioners' motion for summary judgment is accordingly denied and a summary judgment sua sponte is entered for respondent, it appearing that there is no genuine issue of any material fact.